UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MANAL V-M.[1],

                Plaintiff,

v.                                            CASE # 20-cv-00176

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER<br>  Counsel for Plaintiff<br>6000 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | BRANDI CHRSITINE<br>SMITH, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | CHRISTOPHER JOHN<br>CARILLO, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I. **RELEVANT BACKGROUND**

   A. **Factual Background**

Plaintiff was born on November 13, 1980 and has at least a high school education. (Tr. 218, 244). Generally, plaintiff's alleged disability consists of brain injury (2009), headaches, back and neck issues (2007), foot issues (2004), diarrhea, and anxiety. (Tr. 243). The alleged onset date of disability is October 5, 2016. (Tr. 219).

   B. **Procedural History**

On October 5, 2016[2], plaintiff applied for a period of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 227). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On October 4, 2018, plaintiff appeared before the ALJ Elizabeth Ebner who issued a written decision on December 20, 2018, finding plaintiff not disabled under the Social Security Act. (Tr. 8-19, 94-128). On December 12, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

   C. **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since October 5, 2016, the application date (20 CFR 416.971 *et seq.*).

---

[2] The application in the administrative record (Tr. 227) is dated October 6, 2016 but other records and the ALJ decision refer to the application date as October 5, 2016.

2. The claimant has the following severe impairments: arthritis, depression, anxiety, obesity, gastroesophageal reflux disease, and headaches. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except occasional climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; cannot work at unprotected heights or be exposed to dangerous moving mechanical parts; limited to simple repetitive routine tasks; simple work related decisions; occasional interaction with supervisors, co-workers, and the public; and only occasional changes in the workplace.

5. The claimant is unable to perform past relevant work (20 CFR 416.965).

6. The claimant was born on November 13, 1980 and was 35 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 5, 2016, the date the application was filed (20 CFR 416.920(g)).

(Tr. 8-19).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ's mental RFC determination was not supported by substantial evidence because the ALJ failed to weigh an opinion, failed to reconcile conflicts between the opinion and the RFC finding, failed to make specific findings as to the plaintiff's stress limitations, and failed to develop the record with two years of counseling records. (Dkt. No. 9 at 10 [Pl.'s Mem. of Law]). Plaintiff also argues the ALJ failed to properly evaluate plaintiff's headaches. (*Id.* at 18).

### B. Defendant's Arguments

In response, defendant argues the ALJ's mental RFC finding is supported by substantial evidence and free of legal error. (Dkt. No. 10 at 14 [Def.'s Mem. of Law]). Defendant also argues the plaintiff did not meet her burden of proving her alleged headaches caused work-related restrictions of function in addition to what the ALJ's RFC assessed. (Dkt. No. 10 at 23).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Mental RFC

The RFC is an assessment of "the most [plaintiff] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)[3]. The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c). Plaintiff argues the ALJ's mental RFC determination was the product of legal error and unsupported by substantial evidence. Specifically, plaintiff asserts the ALJ failed to weigh the opinion of Dr. Ippolito, failed to reconcile the conflict between the opinion and the RFC, failed to make any specific findings as to plaintiff's stress limitations or include limitations in the RFC that addressed stress triggers, and failed to develop the record. (Dkt. No. 9 at 10). For the reasons outlined here, the ALJ properly assessed the medical opinion evidence in the record and substantial evidence supported her mental RFC determination.

### 1. Dr. Ippolito Opinion

---

[3] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

On December 6, 2016, consultative examiner Dr. Ippolito examined plaintiff. (Tr. 354-58). for alleged memory and concentration difficulties. (Tr. 354-58). However, the mental status objective findings revealed she was mildly distracted with good attention, concentration, and memory. (Tr. 354-58). Dr. Ippolito concluded the plaintiff was able to follow and understand simple directions and instructions, perform simple tasks independently, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, and relate adequately with others with no evidence of limitation. (Tr. 357). Dr. Ippolito opined that even with anxiety and stress, plaintiff can maintain attention and concentration with mild limitation, and she can appropriately deal with stress with moderate limitation. *Id*. Dr. Ippolito clarified that while plaintiff may have situational stress-related problems, these issues do not appear significant enough to interfere with plaintiff's ability to function on a daily basis. *Id*. In fact, Dr. Ippolito opined plaintiff could continue performing her current job and receiving her mental health treatment as she had a good prognosis. *Id*.

Although the ALJ discussed the examination and opinion of Dr. Ippolito, no specific weight is identified by the ALJ. (Tr. 16). While 20 C.F.R. § 404.1527 provides a number of factors that an ALJ considers when evaluating medical opinions, an ALJ does not have to explicitly walk through each of these factors, so long as the Court can conclude that she applied the substance of the regulations and appropriately set forth the rationale for the weight given to the opinions. *Hall v. Colvin*, 37 F. Supp. 3d 614, 625 (W.D.N.Y. 2014). ALJ Ebner's RFC was consistent with the findings and opinion of Dr. Ippolito despite failure to assign a specific weight. Plaintiff argues that Dr. Ippolito's opinions of moderate limitations appropriately dealing with stress and mild limitations maintaining attention and concentration are not specifically addressed by the RFC limitations for simple routine tasks, simple work-related decisions, and occasional interaction with

others. (Dkt. No. 9 at 12). However, the Second Circuit has held that moderate limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); *see Whipple v. Astrue*, 479 Fed.Appx. 367, 370 (2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment); *Saxon v. Colvin*, No. 13-CV-165, 2015 WL 3937206, at *6 (W.D.N.Y. June 26, 2015) ("The ALJ considered the functional limitations suggested by the medical evidence, including plaintiff's moderate limitation in the ability to learn new tasks, perform complex tasks, make appropriate decisions, relate adequately with others, and deal with stress. These limitations are incorporated into the RFC, which limits plaintiff to simple routine tasks in a low stress, low contact environment."). In addition to the exam findings by Dr. Ippolito, the ALJ cited plaintiff's reported activities and abilities which were consistent with Dr. Ippolito's opinion, such as work activity, shopping, transporting her husband, work attempts, and caring for her children. (Tr. 17). S*ee Kirkland v. Colvin*, No. 15-CV-6002, 2016 WL 850909, at *12 (W.D.N.Y. Mar. 4, 2016) (finding that the ALJ did not err by assessing specific limitations that did not precisely correspond to any medical opinion because the plaintiff's daily activities, treatment history, and a consultative examiner's evaluation supported those limitations).

 Plaintiff also asserts the ALJ was required to make specific findings about the nature of claimant's stress, however situational stressors, as identified by Dr. Ippolito, are not a basis for a finding of disability. *See Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 83-84 (2d Cir. 2015)

(finding that behaviors precipitated by situational factors rather than longitudinal manifestations of psychological disorders belied the presence of totally disabling functional limitations); *see also Townsend v. Comm'r of Soc. Sec.*, No. 17-CV-6742-FPG, 2018 WL 6697001, at *7-*8 (W.D.N.Y. Dec. 20, 2018) (claimant's "anxiety was generally situational in nature, and waxed and waned depending on circumstances in life;" the record also revealed that claimant "regularly had normal thought processes, thought content, and cognition and that situational triggers—like her finances, managing her daughter, poor transportation, and issues with the father of her child—often increased her stress and anxiety."); *Jones v. Colvin*, No. 11-CV-445 MAT, 2014 WL 1976921, at *11 (W.D.N.Y. May 15, 2014) (evidence contradicted suggestion that claimant's mental symptoms were disabling; treatment records "indicate[d] that [her] complaints of depression were largely situational and triggered by stressors, such as caring for her elderly mother, and her abusive marital relationship."). Dr. Ippolito's classification of plaintiff's stress being situational is also consistent with treatment records reporting plaintiff simply had situational stress from the fact she was being mistreated/abused by her husband, who has a low salary and addiction problems, she has low finances to live on, and CPS had taken her children from her home and placed them in foster care. (Tr. 378-80).

Plaintiff asserts there should be limitations for repetitive tasks, production pace requirements and deadlines because of stress but offers no substantial evidence for support. Essentially, plaintiff is claiming the limitations found by the ALJ based on Dr. Ippolito's exam findings and opinion should be different but the ALJ's finding was supported by substantial evidence.

   2. **Duty to Develop**

Plaintiff next asserts the ALJ failed to develop the administrative record with counseling records from Lake Shore Behavioral Health. (Dkt. No. 9 at 15). At the hearing, plaintiff's attorney noted that she submitted medical records from Best Self Behavioral Health, formerly Lakeshore Behavioral Health (Lakeshore), but also wanted to submit plaintiff's individual counseling sessions. (Tr. 95). The attorney stated that the counselor reported having faxed them to her office, but she did not receive the records and believed she could submit them within a week. (Tr. 95-96). Plaintiff's attorney did not submit the counseling records to the ALJ in the two months between the hearing and decision, nor were they submitted with other medical records to the Appeals Council which was pending for more than 14 months after the administrative hearing. (Tr. 34-91).

To be sure, "the social security ALJ, unlike a judge in a trial, must on behalf of all claimants … affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508509 (2d Cir. 2009) (citations and alterations omitted). "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel or by a paralegal." *Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir.1999) (internal alterations and quotation marks omitted); *see Eusepi v. Colvin*, 595 F. App'x 7, 9 (2d Cir. 2014) ("The ALJ's general duty to develop the administrative record applies even where the plaintiff is represented by counsel, but the agency is required affirmatively to seek out additional evidence only where there are 'obvious gaps' in the administrative record.").

However, "[t]he ALJ is not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability." *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)) (internal citations omitted); *see Abbott v. Colvin*, 596 F. App'x 21 (2d Cir. 2015) (ALJ did not err

in failing to seek additional information from a treating source because there were no obvious gaps in the record). Here, the record contained a longitudinal view of plaintiff's mental functioning findings from Lakeshore. Records consistently report plaintiff had good eye contact, grooming and hygiene; she was calm and cooperative; her speech was at a normal rate, rhythm and volume; she had no psychomotor abnormalities; her thought process was organized; she had no perceptual disturbances; she was fully oriented; her recent and remote memory were intact; she had an average fund of knowledge, intelligence, and abstract reasoning abilities; she had fair to normal insight and judgment; and she had intact attention and concentration. (Tr. 370-72, 384-85, 387-88, 389-90, 391-92, 396, 398-99, 400, 402-03). The record also contained summaries of the counseling sessions at Lakeshore between 2016 and 2018, where it was noted plaintiff had situational stressors of being denied for food stamps, being mistreated by her husband who had a low salary and addiction problems, and her open court case. (Tr. 378-80).

Plaintiff has not alleged the additional counseling records would be inconsistent with the counseling summaries or other mental health records already in the file. *See, e.g., Wilson v. Colvin*, 136 F. Supp. 3d 475, 479 (W.D.N.Y. 2015) (noting, in connection with a disability appeal, that "an ALJ does not have an affirmative duty to expand the record *ad infinitum*" and declining to remand where the plaintiff's assertion that additional evidence "could or should have altered the outcome" was "wholly speculative") (citation omitted).

### B. Headaches

Plaintiff argues the ALJ failed to properly evaluate the severe physical impairment of headaches because the impairment was found severe but there were no functional limitations in the RFC. (Dkt. No. 9 at 18). The ALJ noted plaintiff's alleged history of a concussion with brain injury and headaches. (Tr. 16). Evidence shows she sought a head CT scan in August 2016,

reporting various explanations for the head injury and duration, but plaintiff's explanations were many years prior to the alleged onset date. (Tr. 335-36, 344). The examination in August 2016 revealed plaintiff had a normal brain MRI and a CT scan was also normal. (Tr. 16, 330, 344). Moreover, the record fails to show that plaintiff regularly sought treatment for severe headaches during the adjudicated period. A 2018 physical exam explicitly states plaintiff reported no migraines or headaches. (Tr. 409, 412). She only reported headaches every three weeks at the consultative exam in December 2016. (Tr. 360).

Plaintiff fails to show how substantial evidence supports the assertion that her migraines caused greater limitations than imposed by the ALJ. Plaintiff's brief broadly states she sought treatment for her headaches but does not cite any medical records. (Dkt. No. 9 at 19). Plaintiff alleges it was an error for the ALJ to not discuss the headaches at Step Four, however, there was no evidence to discuss. The ALJ did note the consultative examiner, Dr. Liu, diagnosed migraines but that the only opined limitations were related to her movements such as bending, walking and kneeling. (Tr. 16, 363). At the hearing, plaintiff did not mention headaches but only issues with memory due to a previous assault. (Tr. 117). Plaintiff has not met her burden of proving she had work-related limitations of function due to headaches. Even if the ALJ could have reached a different conclusion on the evidence in medical record, the court defers to the ALJ's disability determination when it is supported by substantial evidence. *Smith v. Berryhill*, 740 F. App'x 721, 725 (2d Cir. 2018) (*citing Veino v. Barnhart*, 312 F.3d 578, 588-89 (2d Cir. 2002)).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No.9) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is

 **<u>GRANTED</u>**.

Dated:  April 8, 2021            <u>*J. Gregory Wehrman*</u>
Rochester, New York           HON. J. Gregory Wehrman
                 United States Magistrate Judge